IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


STATE OF FLORIDA,

      Appellant,

 v.                                   Case No.  5D15-3429

EUGENE LENARD MAYE,

      Appellee.

_____/

Opinion filed August 12, 2016

Appeal from the Circuit Court
for Orange County,
Keith A. Carsten, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellant.

James S. Purdy, Public Defender, and
Robert E. Wildridge, Assistant Public
Defender, Daytona Beach, for Appellee.


LAWSON, C.J.

The State appeals an order granting a motion to suppress in its case against

Eugene Maye.  We have jurisdiction.  Fla. R. App. P. 9.140(c)(1)(B).  The State argues

that the trial court erred in finding that an unlawful search occurred when a police officer

pressed the panic button on a key fob obtained in a lawful search incident to arrest. We agree, and reverse.

Police officers arrested Maye for urinating in public at an Orlando-area shopping plaza. In the search incident to Maye's arrest, an officer found and seized an electronic vehicle key fob. The officer asked Maye if he had a vehicle in the shopping plaza parking lot, which he denied. The officer then pressed a button on the fob, which activated an alarm sounding from a nearby white Dodge parked at the plaza. An officer looked into the Dodge and saw, in plain view, a plastic baggy that appeared to contain cocaine. The substance was ultimately seized and Maye, post-*Miranda*, admitted that the substance was cocaine and belonged to him.

The trial court found that although the key fob was lawfully obtained by police in their search incident to Maye's initial arrest, the officer had no lawful basis for pressing a button on the key fob (and violated Maye's Fourth Amendment rights by doing so). This argument presumes, of course, that the officer's act of pressing the key fob button constituted a search for Fourth Amendment purposes. We hold that it was not. As explained in *Smallwood v. State*, 113 So. 3d 724, 730 n.3 (Fla. 2013) (citing *United States v. Jones*, 132 S.Ct. 945, 949–50 (2012)):

> The United States Supreme Court has articulated two standards for determining when a Fourth Amendment search has occurred: (1) whether there has been a physical trespass or intrusion upon private property, and (2) whether the person searched had a reasonable expectation of privacy in the area searched by government officials.

The second factor is determinative here, because Maye had no reasonable expectation of privacy in the only information that could be obtained when the officer touched the button on the fob lawfully in his hand—the presence of Maye's vehicle in the

2

public lot.  Although this issue appears to be one of first impression in Florida, it has been addressed by the federal Eighth Circuit and several other state courts, which all reached the same conclusion.  *See, e.g., United States v. Cowan*, 674 F.3d 947, 955 (8th Cir. 2012); *State v. Bland*, 2013 WL 5755670, at *4 (Del. Super. Ct. 2013); *Com. v. Harvard*, 64 A.3d 690, 699 (Pa. Super. Ct. 2013); *Wiley v. State*, 388 S.W. 3d 807, 819 (Tex. Crim. App. 2012).

We reverse the suppression order and remand for further proceedings.

REVERSED AND REMANDED.

LAMBERT and EDWARDS, JJ., concur.